■ In the Matter of NORRIS SANDY, Petitioner, v NYC HOUSING AUTHORITY, Respondent. [8 NYS3d 324]—

Determination of respondent, dated July 18, 2013, which found petitioner guilty of the disciplinary charges preferred

against him and terminated his employment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Cynthia S. Kern, J.], entered Apr. 3, 2014), dismissed, without costs.

The determination is supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). The record contains the applicable written standard safety measures to be undertaken during elevator repair and/or outages; evidence that the circumstances (i.e., both elevators being out of service) warranted the standard safety measures of posting out-of-service notices at the elevator banks and securing the elevators so that the public could not use them; and evidence that petitioner failed to follow these standard procedures. Contrary to petitioner's contention, there is substantial evidence, i.e., a computerized elevator monitoring system printout, testimony interpreting the data, and recorded 911 calls, that the elevator in which a resident of the building was injured was in inspection mode and not in service when the injury occurred. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Clark, JJ.